UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOHN OCAMPO, individually and
on behalf of all others similarly situated,

                      Plaintiffs,

-against-

PROFESSIONAL CLAIMS BUREAU, INC.
and DOES 1 through 10 inclusive,

                      Defendants.
---------------------------------------------------------------X

***CLASS ACTION***
***COMPLAINT FOR DAMAGES***

      Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendant PROFESSIONAL CLAIMS BUREAU, INC. alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a citizen of the State of New York residing in this district.

3. Upon information and belief, the Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6), incorporated in the state of New York with its principal place of business in Garden City, New York.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the Defendant corporation resides and regularly conducts business in this district.

## FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the Plaintiff's spouse to one "NSLIJ Health Sys-Southside."

7. That at a time unknown to the Plaintiff herein, the aforementioned debt was referred to and/or assigned to the Defendant for collection.

8. That the Defendant sent the Plaintiff its initial dunning letter dated May 7, 2014 in an attempt to collect the aforementioned debt. (A copy of said letter is attached hereto.)

9. That the May 7th dunning letter provided the Plaintiff with a validation notice and advised Plaintiff of the thirty-day dispute period as required by the FDCPA.

10. That upon information and belief, Plaintiff received the May 7th dunning letter on or about May 9, 2014.

11. That less than 30 days later, the Defendant sent the Plaintiff a second dunning letter dated June 7, 2014 in an attempt to collect the aforementioned debt. (A copy of said letter is attached hereto.)

12. That upon information and belief, the June 7th dunning letter was mailed to Plaintiff before the 30-day validation period had elapsed in violation of the FDCPA.

13. That the June 7th dunning letter contained the following language in highlighted, all caps, bold print: "THIS ACCOUNT IS SERIOUSLY PAST DUE."

14. That the June 7th dunning letter stated, "It is extremely important that you resolve this past due account and we suggest that you contact our offices via telephone or mail immediately."

15. That the June 7th dunning letter further stated, "Payment is expected within 10 Days of this notice. If this account is not resolved, we will assume that you have no intention of settling this outstanding debt."

16. That the Defendant, through its June 7th dunning letter, wrongfully assumed that Plaintiff's debt was valid and claimed that said debt was "seriously past due" before the 30-day validation period had elapsed.

17. That the Defendant's dunning notices use misleading and overshadowing language, confusing the Plaintiff as to his consumer rights.

18. That Defendant's communications are false, misleading and deceptive to the least sophisticated consumer, including the Plaintiff.

19. That the Defendant's communications contain deceptive, misleading and confusing representations with regard to a consumer's right to dispute a debt as well as overshadowing language, which contradicts the consumer's rights and are intended to circumvent the law.

20. That upon information and belief, Defendant, in its attempts to collect debts, automatically generates and mails subsequent dunning letters to consumers, including the Plaintiff, before the end of the 30-day validation period.

21. Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (e) and (g) in that the representations made by the Defendant are false, confusing, misleading, deceptive, unfair and fail to properly advise the consumer of his legal rights as required by law. More specifically:

    i. Defendant has violated 1692e(10) by using false representations and/or deceptive means in an attempt to collect the alleged debt;

    ii. Defendant has violated 1692g by using misleading and overshadowing language in an attempt to collect the alleged debt and by contradicting the Plaintiff's rights.

22. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendant is liable to the Plaintiff for actual and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## CLASS ALLEGATIONS

23. Plaintiff realleges paragraphs 1 through 22 as if fully restated herein.

24. The first cause of action is brought on behalf of Plaintiff and the members of a class.

25. The Class consists of all persons whom Defendant's records reflect resided in the state of New York and who were sent collection letters (a) bearing the Defendant's letterhead in substantially the same form as the letter(s) sent to the Plaintiff, (b) the collection letters were sent to consumers seeking payment of a consumer debt; (c) that the letters contained violations of 15 U.S.C. §§ 1692e and 1692g.

26. The class consists of consumers who received the same form letters, as did the Plaintiff.

27. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A) Based on the facts that the collection letters that are at the heart of this litigation are mass-mailed and computer-generated form letters automatically generated and sent within a 30-day time frame, the class is so numerous that joinder of all members is impracticable.

    (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

    (C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    (D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

4
Class Action Complaint for Damages

  (E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

28. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

29. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

30. Collection letters, such as those sent by the Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

31. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

  i. Defendant violated 15 U.S.C. § 1692e by using false representations and deceptive means in an attempt to collect a debt;

  ii. Defendant violated 15 U.S.C. § 1692g by contradicting plaintiff's rights.

**WHEREFORE,** the Plaintiff respectfully prays that judgment be entered against the Defendant in the amount of:

 (a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class;

 (b) Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class;

  (c)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

  (d)   For such other and further relief as may be just and proper.


Dated: August 21, 2014     Respectfully Submitted,


             /S/ Amir J. Goldstein_____
            Amir J. Goldstein, Esq. (AG-2888)
            **Attorney for the Plaintiff**
            166 Mercer Street, Suite 3A
            New York, New York 10012
            (212) 966- 5253 phone
            (212) 941- 8566 fax


Plaintiff requests trial by jury on all issues so triable.


             /S/ Amir J. Goldstein_____
            Amir J. Goldstein  (AG-2888)